In The United States District Court
For the Eastern District of Pennsylvania

United States           :
        v.              :
                        : 24-CR- 0264 m
Keith Dougherty         :
                        :

---

Motion To Extend Time For Pretrial
Motions
And Contemplated Pre-Trial Habeas Corpus
28 USC Sec. 2241(a)Clause 3(c)(3)
Pursuant to Federal Rule of Evidence 501

---

And Now Comes Keith Dougherty pro se and files this
motion to Extend the time to File Habeas Corpus pursuant to
28 USC Sec. 2241(a) Clause 3 (c)(3) for 14 Days from receipt of
supplies 8/7/2024; and extend the time to file any subsequent pre-
trial motions if and when necessary for 14 days "after" the Habeas
Corpus is 'determined on the merits';

Footnote 10 Explanation

The Government seeks to deceive the Court in Numerous Ways:
and sets the terms of "Insults as the Coin of the Realm";
Civil Action Number 23-CV-1119 NIQA (ED PA); Keith Dougherty
et al. v. Chief Chagares et al. [Government In Default] as
of 6/13/2023; ft. 10 ... The Court of Appeals described him
as "a frequent and frequently vexatious litigator in this
Court" In Re Dougherty, 563 F.App'x 96, 97 (3rd Cir. 2014).
Document 10, Case 2:24-cr-00264 Page 10 of 15;
This exact citation was used in 15-1123 (3rd Cir) 5/15/2015;
Panel of Rendell, Slovatier and Greenburg. Citing Judge Jordon
aka "Fake Victim # 5" Document 10 Page 4 of 15;

1

# Counter Description

As of 11/22/2013; Then Chief McKee [Combined 5 Judicial
Misconduct and Disability Act Complaints who Stated the following]
'more or less accurately'; "Complainant is a Prolific Proase Business
owner whose cases are to numerous to describe here, but in general
he is angered at being told "He Is Unable To Represent His Companies
in Federal Court"; "by that time 10-CV-2105 (MD DC); was under review
as Mandamus in the Fourth Circuit [having been denied any explanation]
by none other than Senior JUdge Frederick Motz From a Baltimore
District Court as 13-1521 (4th Cir 8/30/2013); per curiam "Without"
Complying with 28 USC Sec. 294(d)??? Where the Government's Motion
for Pre-Trial Detention references the "Original Conviction" [under
the title Probable Cause] and quoting The Letter Mailed to Former
Chief Judge Conner "As Chief Executive" of the Middle District of
Pennsylvania, Priority Mail Delivery Receipt, and Chief Conner
testified Under Oath "without solicitation" [he] had "Never Served"
in a Judicial Capacity in any of Keith Dougherty's Cases however
freely admitted He had Transferred 13-CV-857 (MD PA) after Keith
Dougherty had 'properly invoked Federal Rule of Civil Procedure 55'
and [to Initially Judge Slomsky (ED PA) (who refused to take any
action)] and then Transferred yet again to Frederick MOtz Senior
Judge of a Baltimore District [this time complying with 28 USC Sec.
294(d)]; then repeated this practice in 14-CV-922 (MD PA); then
14-CV-480 (MD PA) 'complying with 28 USC Sec. 294(d)' and serving
as the basis [tangentially] to the "Letter to the United States
Supreme Court, warning that "a militia as a last resort can lawfully
shoot the judge in his/her or thems head if the judge is engaged

2

in Pennsylvania even a misdemeanor and after warning refuses to cease and desist." Without referencing "The Now Mandatory Sullivan Test"???"

Of Relevance Here

At the Deterntion Hearing [See Government's Motion ECF 10] Keith Dougherty was 'handed a copy of Pretrial Services Report' that needs to be "Stricken"; Again The Government is In Default as to 23-CV-1119 NIQA (ED PA); and it includes "Declaratory and In-= Junctive Relief" [Related to] among other things, The Improvements in Acces to Justice Act 11/19/1988; that 'in Chapter 131' as attached Congress [Repealed] 28 USC Sec. 2076; Where the [Supreme] Cou(r)[t] no longer has "Authority" to create of "Modify Federal Rules of Evidence"; It now requires "An Act of Congress"; see 28 USC Sec. 2074(b) [adding (b)] ...

It was a 'significant development' as of 12/1/2011: when by Act of Congress "All Prior Exceptions to Privilege Law wereSStruck Down" [returning us to the Founding Era] as to "Common-Law Privileges in all Places" [outside Pennsylvania] where in Pennsylvania it is more 'specific'; see Title 1 Pa. C.S. Sec. 1503(a) 100% of the English Common-Law as adapted to the Providence, and 100% of the Provincial Law (b) as they existed 5/14/1776; According to Schedule 1 Sec. 2 "Remain In Full Force and Effect" [as if the Feb. 10, 1777,] Constitution "Had Never Been Adopted" and for clarity see Title 1 Pa. C.S. Sec. 1978, 'no return to the old ways' ... then 3 of the Document: Assessment of Nonappearance: ... The Defendant's criminal history reflects arrests and convictions involving crimes of violence in addition to numerous prior supervision failureswwhich

reflect a propensity to commit acts similar to the instant alleged offense. The defendant appears to pose an elevated, yet managable, riskof nonappearancershould aviable release residence be found and verified. ... Assesment of Danger: ... The defendant's criminal history reflects arrests and convictions involving crimes of violence in addition to numerous prior supervision failures which reflect a propensity to commit acts similar to the instant alleged offense. The defendant appears to pose an elevated risk of danger to the community. Counter-Factual Reality: The Government is in default as to the Act involving Congress's Assesment that "Your Understanding Of Law" has so deteriorated, that a 'study' Committee was created, and Continuing Education Courses were advised. Here, Count I & II "Are the Same ECF 9" [as the basis] for a "Supervised Release Violation" Count II; 'Filed Under Seal' (Cannot be "Reckless"); and as part of a "Valid and On-Going Civil Rights Action" [Filed by The CEO] of a Well-Regulated Militia [non-Profit Corporation] in the same Status as NAACP v. Button 371 U.S. 405, 428-429 (1963) with both First and Second Amendment Protections??? The Improvements to the Access To Justice Acts "Requires" you to provide "Training to Your Probation Officers" ... as well as Lawyers, Clerks, Magistrates and Judges???

Examples of Reckless Transmissions

1. The most famous of "True-Treat Cases" [recklessly]

transmitted Watts v. United States; 394 US 705 (April 21, 1969);

on August 27, 1966 during a public rally on the Washington
Memorial grounds. ... According to an investigator for the
Army Intelligence Corps who was present, the petitioner
responded: "They always hollar at us to get an education.
And now I have already received my draft classification
as 1-A and I have got to report for my physical Monday

coming. I am not going. If they ever make me carry a rifle
the first man I want to get in my sights is L.B.J."

"A TRUE Threat" [Transmitted Recklessly];

2.    It was 1/21/2017: The Vagina Hat Protesters were setting

cars on fire "at a mostly peaceful rally"; where in Like Fashion

Madonna "Stated she was going to Go Down a Blow Up the White

House" [no indictment] due to the Watts Precedent.

3.    Then recently President Biden [was being interviewed] by

Lester Holt [Not a Political Rally] he said "Recklessly"

"Someone should put a bullseye on Donald Trump" ... days later

a 'sniper' [shot Donald J Trump] in his right ear from 130

yards +/- [Killed one attendee] and severly wounded Two others;

the Question Arises (Under [Supreme] Cour[t] Catagorical Precedent)

Can Joseph Biden be charged with 18 USC Sec. 924(c)? Answer:

No, becausse "True Threats" [Recklessly Transmitted] cannot

ever be a "Crime of Violence"!!!

See United States v. Taylor 596 US __, 142 S Ct __, 213 L Ed
2d 349 (June 21, 2022); US LEXIS 3017

n. 1, Justice Thomas concedes that the foregoing analysis is
correct under our catagorical APPROACH PRECEDENTS. See post at __,
213 L Ed 2d, at 364 (Thomas, J., dissenting). He contends
that we should overrule 30 years' worth of our categorical
precedents in order to relieve the "blbind' " they place on
prosecutors. Post, at __, __, 213 L. Ed. 2d, at 367, 369. But
not even the prosecutors for whom Justice Thomas professes
concern seek anything like that. Nor does he articulate any
plausible way to understand the terms of the elements clause
without reference to the categorical approach. See post, at
__, 213 L. Ed. 2d, at 371 (merely "welcoming briefing" on the
topic). See also n. 2, n. 3 and the
Dissent of Justice Thomas n, 1:

With this in Mind "the false accusations" [Crimes of Violence]

must be "removed from the Report";

Another example of Not "Reckless"-[is the Indictment]
wherre "The Grand Jury Foreperson's Name is Blacked out"

5

So returning to 23-CV-1119 NIQA (ED PA); 'it is essential to obtain a "Stipulation" [from] Joseph A LaBarr "That he is" [supportive] of George Wysol's actions "Refusing to Enter Default"; ' in that instance, if "George Wysol Is an Appointments Clause Violation" Joseph A LaBarr is facing (4) Counts of 18 USC Sec. 2076/ 18 USC Sec. 371/ 18 USC Sec. 1951(b)(2) [or] Up to 84 Years in prison?

Pursuant to United States v. Feola 420 U.S. , at 686 Sec. 111 if a Federal Officer "Fails to Identify His Lawful Purpose, or Authority it is reason=able in certain cercumstances to conclude the officer is acting with "Unlawful Force" against the=-Person or his Property."

Which Under Federal Rule of Evidence 501 "Sufficient" to claim "Legal Justification" ECF 1, at page 18 Provides "All District Court Clerks" [are] an Appointment's Clause Violation [Under Lucia v. SEC]; and at n. 6 The [Supreme] Cour[t] must 'simply re-appoint' and then provide "Direct Supervision" [of the Refusal to Enter Default]; where the Incentive, at n. 5 "Guarantees a New Clerk/Judge" as a 'reward';

Buckley v. Valeo "Clarifies" Sec. 711 "Clerks Are Employees" and Sec. 751 "Clerks are Officers"; 'who can be indicted' Marbury v. Madison p. 150.

### Summary of Argument

Article IV Sec. 2 Cl. 1

The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States.

In Light of Buren 213 L Ed 2d 408-409 "The Privilege of Self-Defense cannot be denied" [by Chief Connolly] by Motion In Limine, and he "Cannot Declare" [he Does Not] Accept [Supreme] Cour[t] "Elements Clause Precedent";

Mens Rea "Under the Common-Law" [English] is "Immunity from Arbitrary Prosecution";
The Due Process Protection Act PL 116-182 (10/21/2020) After now 61 Years of Brady Abuses:

6

So "The Local Rule" [Must Advise] "When Bruen Was Announced"
the Original Prosecution "Became Impossible" [and the United States] Must
withdraw its Motion In Limine]; and now with Counterman the (4)
Count Indictment is Fatally Flawed.

### Argument

Robert McCoy v. Louisiana, 584 U.S. 414; 138 S. Ct. 1500
200 L. Ed. 2d 821 (January 17, 2018); US LEXIS 2802:

> Violation of a defendant's Sixth Amendment-secured autonomy
> ranks as error of the kind our decisions have called
> "structural"; ... [to deny Object of Defense] ... when
> present, such an error is not subject to harmless-error
> review, ... An error may be ranked structural, we have
> explained, "if the right at issue is not designed to
> protect the defendant erroneous conviction but instead protects
> some other interest," such as "the fundamental legal principle
> that a defendant must be allowed to make his own choices about
> the proper way to protect his own liberty." Weaver, 582 U.S., at
> 295, 137 S. Ct. 1899, 1908, 198 L. Ed. 2d 420, 432 (citing
> Faretta, 422 U.S., at 834, 95 S. Ct. 2525, 45 L. ed. 2d 562).
> [584 U.S. 427] ... [200 L. Ed. 2d 833];

The Best and easiest-[solution] is Habeas Corpus as Indictment
itself is fatally flawed.

As attached are Chapters, 111, 131 & 153 "where" Congress
has demonstrated "Repeal of 28 USC Sec. 2076, and retaining"
28 USC Sec. 2241(a) [for situations] Just Like this, where Federal
Rule of Evidence 501 "Compels" the Greater Privilege Law of
Pennsylvania [upon] the Federal Courts 'within the four corners'
of Pennsylvania [regardless] of where the Judge, or Prosecution
are From.

### Conclusion

As 'the printer was without ink' and there were no supplies until
Wednesday, it is only fair to provide 14 Days from the receipt of
the supplies necessary to "Provide a Complete Defense";

Keith Dougherty (76873-067)
Organizer/CEO/Member Docson'ssMIlitia
PO BOX 562
Philadelphia, PA 19105

## Article V. Privileges

Rule 501. Privilege in General
Rule 502. Attorney-Client Privilege and Work Product; Limitations on Waiver

### Rule 501. Privilege in General

The common law—as interpreted by United States courts in the light of reason and experience—governs a claim of privilege unless any of the following provides otherwise:

• the United States Constitution;

• a federal statute; or

• rules prescribed by the Supreme Court.

But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.

**HISTORY:** Jan. 2, 1975, P. L. 93-595, § 1, 88 Stat. 1933; April 26, 2011, eff. Dec. 1, 2011.

### HISTORY; ANCILLARY LAWS AND DIRECTIVES

**Other provisions:**

**Notes of Committee on the Judiciary, House Report No. 93-650.** Article V as submitted to Congress contained thirteen Rules. Nine of those Rules defined specific nonconstitutional privileges which the federal courts must recognize (i.e. required reports, lawyer-client, psychotherapist-patient, husband-wife, communications to clergymen, political vote, trade secrets, secrets of state and other official information, and identity of informer). Another Rule provided that only those privileges set forth in Article V or in some other Act of Congress could be recognized by the federal courts. The three remaining Rules addressed collateral problems as to waiver of privilege by voluntary disclosure, privileged matter disclosed under compulsion or without opportunity to claim privilege, comment upon or inference from a claim of privilege, and jury instruction with regard thereto.

The Committee amended Article V to eliminate all of the Court's specific Rules on privileges. Instead, the Committee, through a single Rule, 501, left the law of privileges in its present state and further provided that privileges shall continue to be developed by the courts of the United States under a uniform standard applicable both in civil and criminal cases. That standard, derived from Rule 26 of the Federal Rules of Criminal Procedure, mandates the application of the principles of the common law as interpreted by the Courts of the United States in the light of reason and experience. The words "person, government, State, or political subdivision thereof" were added by the Committee to the lone term "witness" used in Rule 26 to make clear that, as under present law, not only witnesses may have privileges. The Committee also included in its amendment a proviso modeled after Rule 302 and similar to language added by the Committee to Rule 601 relating to the competency of witnesses. The proviso is

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

76873067

designed to require the application of State privilege law in civil actions and proceedings governed by *Erie R. Co. v Tompkins,* 304 U.S. 64 (1938), a result in accord with current federal court decisions. See *Republic Gear Co. v. Borg-Warner Corp.,* 381 F.2d 551, 555–556 n.2 (2nd Cir. 1967). The Committee deemed the proviso to be necessary in the light of the Advisory Committee's view (see its note to Court [proposed] Rule 501) that this result is not mandated under Erie.

The rationale underlying the proviso is that federal law should not supersede that of the States in substantive areas such as privilege absent a compelling reason. The Committee believes that in civil cases in the federal courts where an element of a claim or defense is not grounded upon a federal question, there is no federal interest strong enough to justify departure from State policy. In addition, the Committee considered that the Court's proposed Article V would have promoted forum shopping in some civil actions, depending upon differences in the privilege law applied as among the State and federal courts. The Committee's proviso, on the other hand, under which the federal courts are bound to apply the State's privilege law in actions founded upon a State-created right or defense removes the incentive to "shop".

**Notes of Committee on the Judiciary, Senate Report No. 93-1277.** Article V as submitted to Congress contained 13 rules. Nine of those rules defined specific nonconstitutional privileges which the Federal courts must recognize (i.e., required reports, lawyer-client, psychotherapist-patient, husband-wife, communications to clergymen, political vote, trade secrets, secrets of state and other official information, and identity of informer). Many of these rules contained controversial modifications or restrictions upon common law privileges. As noted supra, the House amended article V to eliminate all of the Court's specific rules on privileges. Through a single rule, 501, the House provided that privileges shall be governed by the principles of the common law as interpreted by the courts of the United States in the light of reason and experience (a standard derived from rule 26 of the Federal Rules of Criminal Procedure) except in the case of an element of a civil claim or defense as to which State law supplies the rule of decision, in which event state privilege law was to govern.

The committee agrees with the main thrust of the House amendment: that a federally developed common law based on modern reason and experience shall apply except where the State nature of the issues renders deference to State privilege law the wiser course, as in the usual diversity case. The committee understands that thrust of the House amendment to require that State privilege law be applied in "diversity" cases (actions on questions of State law between citizens of different States arising under 28 U.S.C. § 1332). The language of the House amendment, however, goes beyond this in some respects, and falls short of it in others; State privilege law applies even in nondiversity. Federal question civil cases, where an issue governed by State substantive law is the object of the evidence (such issues do sometimes arise in such cases); and, in all instances where State privilege law is to be applied, e.g., on proof of a State issue in a diversity case, a close reading reveals that State privilege law is not to be applied unless the matter to be proved is an element of that state claim or defense, as distinguished from a step along the way in the proof of it.

The committee is concerned that the language used in the House amendment could be difficult to apply. It provides that "in civil actions * * * with respect to an element of a claim or defense as to which State law supplies the rule of decision," State law on privilege applies. The question of what is an element of a claim or defense is likely to engender considerable litigation. If the matter in question constitutes an element of a claim, State law supplies the privilege rule; whereas if it is a mere item of proof with respect to a claim, then, even though State law might supply the rule of decision, Federal law on the privilege would apply. Further, disputes will arise as to how the rule should be applied in an antitrust action or in a tax case where the Federal statute is silent as to a particular aspect of the substantive law in question, but Federal cases had incorporated State law by reference to State law. [For

USCSRULE     2

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

76873067

a discussion of reference to State substantive law, see note on Federal Incorporation by Reference of State Law, Hart & Wechsler, The Federal Courts and the Federal System, pp. 491–494 (2d ed. 1973).] Is a claim (or defense) based on such a reference a claim or defense as to which federal or State law supplies the rule of decision?

Another problem not entirely avoidable is the complexity or difficulty the rule introduces into the trial of a Federal case containing a combination of Federal and State claims and defenses, e.g. an action involving Federal antitrust and State unfair competition claims. Two different bodies of privilege law would need to be consulted. It may even develop that the same witness-testimony might be relevant on both counts and privileged as to one but not the other. [The problems with the House formulation are discussed in Rothstein, The Proposed Amendments to the Federal Rules of Evidence, 62 Georgetown University Law Journal 125 (1973) at notes 25, 26 and 70–74 and accompanying text.]

The formulation adopted by the House is pregnant with litigious mischief. The committee has, therefore, adopted what we believe will be a clearer and more practical guideline for determining when courts should respect State rules of privilege. Basically, it provides that in criminal and Federal question civil cases, federally evolved rules on privilege should apply since it is Federal policy which is being enforced. [It is also intended that the Federal law of privileges should be applied with respect to pendant State law claims when they arise in a Federal question case.] Conversely, in diversity cases where the litigation in question turns on a substantive question of State law, and is brought in the Federal courts because the parties reside in different States, the committee believes it is clear that State rules of privilege should apply unless the proof is directed at a claim or defense for which Federal law supplies the rule of decision (a situation which would not commonly arise.) [While such a situation might require use of two bodies of privilege law, federal and state, in the same case, nevertheless the occasions on which this would be required are considerably reduced as compared with the House version, and confined to situations where the Federal and State interests are such as to justify application of neither privilege law to the case as a whole. If the rule proposed here results in two conflicting bodies of privilege law applying to the same piece of evidence in the same case, it is contemplated that the rule favoring reception of the evidence should be applied. This policy is based on the present rule 43(a) of the Federal Rules of Civil Procedure which provides:

In any case, the statute or rule which favors the reception of the evidence governs and the evidence shall be presented according to the most convenient method prescribed in any of the statutes or rules to which reference is herein made.] It is intended that the State rules of privilege should apply equally in original diversity actions and diversity actions removed under 28 U.S.C. § 1441(b).

Two other comments on the privilege rule should be made. The committee has received a considerable volume of correspondence from psychiatric organizations and psychiatrists concerning the deletion of rule 504 of the rule submitted by the Supreme Court. It should be clearly understood that, in approving this general rule as to privileges, the action of Congress should not be understood as disapproving any recognition of a psychiatrist-patient, or husband-wife, or any other of the enumerated privileges contained in the Supreme Court rules. Rather, our action should be understood as reflecting the view that the recognition of a privilege based on a confidential relationship and other privileges should be determined on a case-by-case basis.

Further, we would understand that the prohibition against spouses testifying against each other is considered a rule of privilege and covered by this rule and not by rule 601 of the competency of witnesses.

**Notes of the Conference Committee, House Report No. 93-1597.** Rule 501 deals with the privilege of a witness not to testify. Both the House and Senate bills provide that federal privilege law

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

76873067

applies in criminal cases. In civil actions and proceedings, the House bill provides that state privilege law applies "to an element of a claim or defense as to which State law supplies the rule of decision." The Senate bill provides that "in civil actions and proceedings arising under 28 U.S.C. § 1332 or 28 U.S.C. § 1335, or between citizens of different States and removed under 28 U.S.C. § 1441(b) the privilege of a witness, person, government, State or political subdivision thereof is determined in accordance with State law, unless with respect to the particular claim or defense, Federal law supplies the rule of decision."

The wording of the House and Senate bills differs in the treatment of civil actions and proceedings. The rule in the House bill applies to evidence that relates to "an element of a claim or defense." If an item of proof tends to support or defeat a claim or defense, or an element of a claim or defense, and if state law supplies the rule of decision for that claim or defense, then state privilege law applies to that item of proof.

Under the provision in the House bill, therefore, state privilege law will usually apply in diversity cases. There may be diversity cases, however, where a claim or defense is based upon federal law. In such instances, Federal privilege law will apply to evidence relevant to the federal claim or defense. See *Sola Electric Co. v. Jefferson Electric Co.,* 317 U.S. 173 (1942).

In nondiversity jurisdiction civil cases, federal privilege law will generally apply. In those situations where a federal court adopts or incorporates state law to fill interstices or gaps in federal statutory phrases, the court generally will apply federal privilege law. As Justice Jackson has said:

A federal court sitting in a non-diversity case such as this does not sit as a local tribunal. In some cases it may see fit for special reasons to give the law of a particular state highly persuasive or even controlling effect, but in the last analysis its decision turns upon the law of the United States, not that of any state. *D'Oench, Duhme & Co. v. Federal Deposit Insurance Corp.,* 315 U.S. 447, 471 (1942) (Jackson, J., concurring). When a federal court chooses to absorb state law, it is applying the state law as a matter of federal common law. Thus, state law does not supply the rule of decision (even though the federal court may apply a rule derived from state decisions), and state privilege law would not apply. See C. A. Wright, Federal Courts 251–252 (2d ed. 1970); *Holmberg v. Armbrecht,* 327 U.S. 392 (1946); *DeSylva v. Ballentine,* 351 U.S. 570, 581 (1956); 9 Wright & Miller, Federal Rules and Procedure § 2408.

In civil actions and proceedings, where the rule of decision as to a claim or defense or as to an element of a claim or defense is supplied by state law, the House provision requires that state privilege law apply.

The Conference adopts the House provision.

**Notes of Advisory Committee on 2011 amendments.** The language of Rule 501 has been amended as part of the restyling of the Evidence Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only. There is no intent to change any result in any ruling on evidence admissibility.

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

76873067

**Notes of Advisory Committee on 2015 Amendments.** Rule 1 is amended to emphasize that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way. Most lawyers and parties cooperate to achieve these ends. But discussions of ways to improve the administration of civil justice regularly include pleas to discourage over-use, misuse, and abuse of procedural tools that increase cost and result in delay. Effective advocacy is consistent with—and indeed depends upon—cooperative and proportional use of procedure.

This amendment does not create a new or independent source of sanctions. Neither does it abridge the scope of any other of these rules.

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

76873067

**UNITED STATES, Petitioner**

*vs.*

**JUSTIN EUGENE TAYLOR**

**596 US ___, 142 S Ct ___, 213 L Ed 2d 349, 2022 US LEXIS 3017**

[No. 20-1459]

**Argued December 7, 2021.**

**Decided June 21, 2022.**

## DECISION

Respondent may not have been lawfully convicted and sentenced under 18 U.S.C.S. § 924(c) because § 924(c)(3)(A) asked whether defendant did commit crime of violence, and no element of attempted Hobbs Act robbery required proof that defendant used, attempted to use, or threatened to use force.

*Prior history:* ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT, 979 F.3d 203, 2020 U.S. App. LEXIS 32393

## SUMMARY

*Overview:* HOLDINGS: [1]-Respondent may have faced up to 20 years in prison for violating the Hobbs Act with an attempted robbery, but he may not have been lawfully convicted and sentenced under 18 U.S.C.S. § 924(c) to still another decade in federal prison because § 924(c)(3)(A) asked whether the defendant did commit a crime of violence, which it defined as a felony that included as an element the use, attempted use, or threatened use of force, and no element of attempted Hobbs Act robbery required proof that the defendant used, attempted to use, or threatened to use force.

*Outcome:* Judgment affirmed. 7-2 Decision; 2 Dissents.

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

76873067

# FOOTNOTES

**1** Justice Thomas concedes that the foregoing analysis is correct under our categorical approach precedents. See post, at ___, 213 L. Ed. 2d, at 364 (Thomas, J., dissenting). He contends only that we should overrule 30 years' worth of our categorical approach precedents in order to relieve the `` 'bind' '' they place on prosecutors. Post, at ___, ___, 213 L. Ed. 2d, at 367, 369. But not even the prosecutors for whom Justice Thomas professes concern seek anything like that. Nor does he articulate any plausible way to understand the terms of the elements clause without reference to the categorical approach. See post, at ___, 213 L. Ed. 2d, at 371 (merely ``welcom[ing] briefing'' on the topic).

**2** Black's Law Dictionary 1327 (5th ed. 1979) (defining ``threat''); Stroud's Judicial Dictionary 2633 (5th ed. 1986) (defining ``threat'' and ``threaten''); see also, e.g., Oxford English Dictionary 998 (2d ed. 1989) (threaten: ``To try to influence (a person) by menaces; to utter or hold out a threat against; to declare (usually conditionally) one's intention of inflicting injury upon''); Webster's Third New International Dictionary 2382 (3d ed. 1986) (threaten: ``to utter threats against''; to ``promise punishment, reprisal, or other distress to''); American Heritage Dictionary 1265 (2d ed. 1985) (threat: ``An expression of an intention to inflict pain, injury, evil, or punishment''); ibid. (threaten: ``[t]o express a threat against'').

**3** Justice Alito offers still another argument on the government's behalf. According to our colleague, the crime of completed Hobbs Act robbery requires the government to prove beyond a reasonable doubt, and a unanimous jury must agree on, the particular ``means'' by which the defendant committed his offense-by ``actual'' force, ``threatened force,'' ``violence,'' or ``fear of injury.'' § 1951(b)(1); post, at ___ - ___, 213 L. Ed. 2d, at 372-374 (dissenting opinion). And because attempts to commit robbery by some of these means could qualify as crimes of violence under § 924(c)(3)(A), Justice Alito would classify the entire offense of attempted Hobbs Act robbery a ``crime of violence.'' Post, at ___, 213 L. Ed. 2d, at 374. But the parties have not whispered a word about any of this. Perhaps for good reason too. For one thing, it is unclear whether the Act's ``means'' clause sets forth elements or merely lists alternative ways a defendant may take or obtain property against the victim's will. If the latter is true, as some courts have held, a jury need unanimously conclude only that the defendant used one of the listed means; it need not agree on which one. See, e.g., United States v. St. Hubert, 909 F.3d 335, 348-349 (CA11 2018); United States v. Hancock, 168 F. Supp. 3d 817, 821 (D MD 2016). For another, even assuming the Act is divisible in the sense he suggests, Justice Alito acknowledges that his some-is-good-enough approach defies this Court's precedents. Post, at ___, 213 L. Ed. 2d, at 374; Descamps v. United States, 570 U.S. 254, 260-264, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013).

**1** See also, e.g., United States v. Brazier, 933 F.3d 796, 798-801 (CA7 2019) (federal kidnaping not a crime of violence under § 924(c) despite victim being bound, gagged, tortured, and shot); Bufkin v. United States, 800 Fed. Appx. 436, 437, 439 (CA7 2020) (Government conceding that federal kidnaping is not a crime of violence even when ``the two defendants threatened the victim at gunpoint, robbed, bound, and gagged him, and drove him around in the trunk of the car for four hours before releasing him''); United States v. Sanford, 779 Fed. Appx. 568, 570 (CA10 2019) (vacating § 924(c) convictions even when the underlying conduct involved kidnaping, threatening, and robbing a family, all at gunpoint).

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

76873067

This chapter is referred to in 28 USCS § 1657.

## § 2241. Power to grant writ

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

(b) The Supreme Court, any justice thereof, and any circuit judge may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it.

(c) The writ of habeas corpus shall not extend to a prisoner unless—

(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or

(5) It is necessary to bring him into court to testify or for trial.

(d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

76873067

**(e) (1)** No court, justice, or judge shall have jurisdiction to hear or consider an application for a writ of habeas corpus filed by or on behalf of an alien detained by the United States who has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination.

**(2)** Except as provided in paragraphs (2) and (3) of section 1005(e) of the Detainee Treatment Act of 2005 (10 U.S.C. 801 note), no court, justice, or judge shall have jurisdiction to hear or consider any other action against the United States or its agents relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement of an alien who is or was detained by the United States and has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination.

**HISTORY:**
June 25, 1948, ch 646, 62 Stat. 964; May 24, 1949, ch 139, § 112, 63 Stat. 105; Sept. 19, 1966, P. L. 89-590, 80 Stat. 811; Dec. 30, 2005, P. L. 109-148, Div A, Title X, § 1005(e)(1), 119 Stat. 2742; Jan. 6, 2006, P. L. 109-163, Div A, Title XIV, § 1405(e)(1), 119 Stat. 3477; Oct. 17, 2006, P. L. 109-366, § 7(a), 120 Stat. 2635; Jan. 28, 2008, P. L. 110-181, Div A, Title X, Subtitle F, § 1063(f), 122 Stat. 323.

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

76873067

## Sec. 2.

Cl 1. Privileges and immunities of citizens.
Cl 2. Delivery of fugitives.
Cl 3. Runaway slaves.

### Cl 1. Privileges and immunities of citizens.

The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States.

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

# Rule 12.3. Notice of a Public-Authority Defense

**(a) Notice of the Defense and Disclosure of Witnesses.**

**(1)** *Notice in General.* If a defendant intends to assert a defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the alleged offense, the defendant must so notify an attorney for the government in writing and must file a copy of the notice with the clerk within the time provided for filing a pretrial motion, or at any later time the court sets. The notice filed with the clerk must be under seal if the notice identifies a federal intelligence agency as the source of public authority.

**(2)** *Contents of Notice.* The notice must contain the following information:

**(A)** the law enforcement agency or federal intelligence agency involved;

**(B)** the agency member on whose behalf the defendant claims to have acted; and

**(C)** the time during which the defendant claims to have acted with public authority.

**(3)** *Response to the Notice.* An attorney for the government must serve a written response on the defendant or the defendant's attorney within 14 days after receiving the defendant's notice, but no later than 21 days before trial. The response must admit or deny that the defendant exercised the public authority identified in the defendant's notice.

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

76873067

**(f) Reminder of Prosecutorial Obligation.**

    **(1)** *In General.* In all criminal proceedings, on the first scheduled court date when both prosecutor and defense counsel are present, the judge shall issue an oral and written order to prosecution and defense counsel that confirms the disclosure obligation of the prosecutor under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, and the possible consequences of violating such order under applicable law.

    **(2)** *Formation of Order.* Each judicial council in which a district court is located shall promulgate a model order for the purpose of paragraph (1) that the court may use as it determines is appropriate.

    **(g) Video Teleconferencing.** Video teleconferencing may be used to conduct an appearance under this rule if the defendant consents.

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

76873067

# CHAPTER 111. GENERAL PROVISIONS

§ 1651. Writs
§ 1652. State laws as rules of decision
§ 1653. Amendment of pleadings to show jurisdiction
§ 1654. Appearance personally or by counsel
§ 1655. Lien enforcement; absent defendants
§ 1656. Creation of new district or division or transfer of territory; lien enforcement
§ 1657. Priority of civil actions
§ 1658. Time limitations on the commencement of civil actions arising under Acts of Congress
§ 1659. Stay of certain actions pending disposition of related proceedings before the United States International Trade Commission

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

76873067

# CHAPTER 131. RULES OF COURTS

§ 2071. Rule-making power generally
§ 2072. Rules of procedure and evidence; power to prescribe
§ 2073. Rules of procedure and evidence; method of prescribing
§ 2074. Rules of procedure and evidence; submission to Congress; effective date
§ 2075. Bankruptcy rules
§ 2076. [Repealed]
§ 2077. Publication of rules; advisory committees

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

76873067

# CHAPTER 153. HABEAS CORPUS

§ 2241. Power to grant writ
§ 2242. Application
§ 2243. Issuance of writ; return; hearing; decision
§ 2244. Finality of determination
§ 2245. Certificate of trial judge admissible in evidence
§ 2246. Evidence; depositions; affidavits
§ 2247. Documentary evidence
§ 2248. Return or answer; conclusiveness
§ 2249. Certified copies of indictment, plea and judgment; duty of respondent
§ 2250. Indigent petitioner entitled to documents without cost
§ 2251. Stay of State court proceedings
§ 2252. Notice
§ 2253. Appeal
§ 2254. State custody; remedies in Federal courts
§ 2255. Federal custody; remedies on motion attacking sentence
§ 2256. [Omitted]

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

76873067

In The United States District Court
For the Eastern District of Pennsylvania

Keith Dougherty et al.      :
        v.                  :
                            : 23-CV-1119 NIQA
Chief Chagares et el.       :
                            :

---

Address Change

---

And now Comes Keith Dougherty pro se

and provides the address change:

Keith Dougherty (76873-067)
PO Box 562
Philadelphia, PA 19105

_____

Keith Dougherty (76873-067)
Organizer/CEO/ Member Docson's Militia
PO Box 562
Philadelphia, PA 19105

1

In The United States District Court
For the Eastern District of Pennsylvania

Securities and Exchange :
Commission                :     21-CV-4584 CFK
              v.          :
Joseph Cammarata et al. :
                          :

---

Address Change

---

And now copmes Keith Dougherty pro se

and provides his "New Address";

Keith Dougherty (76873-067)
PO BOX 562
Philadelphia, PA 19105


_____

Keith Dougherty (76873-067)
Organizer/CEO/Member Docson's Militia
PO BOX 562
Philadelphia, PA 19105

1

Certificate of Service

   I Keith Dougherty do hereby certify a copy of the foregoing

was served by the Prison Mailbox Rule First Class Pre-Paid

where the Government can obtain its copy by ECF:

Clerk of Court ED Pa
601 Market Street
RM 2609
Philadelphia, PA 19106

                              8/9/2024

Keith Dougherty (76873-067)
Organizer/CEO/Member Docson's Militia
PO BOX 562
Philadelphia, PA 19105

Keith Dougherty (76873-067)
FDC Philadelphia
PO Box 562
Philadelphia, PA 19105



RECEIVED
AUG 15 2024

FEDERAL DETENTION CENTER
PHILADELPHIA
P.O. BOX 562
PHILA, PA 19105
DATE: 8/16/24

THE ENCLOSED LETTER WAS PROCESSED THROUGH
SPECIAL MAILING PROCEDURES FOR FORWARDING TO
YOU. THE LETTER HAS BEEN NEITHER OPENED NOR
INSPECTED. IF THE WRITER RAISES A QUESTION OR
PROBLEM OVER WHICH THIS FACILITY HAS JURIS-
DICTION, YOU MAY WISH TO RETURN THE MATERIAL
FOR FURTHER INFORMATION OR CLARIFICATION. IF
THE WRITER ENCLOSES CORRESPONDENCE FOR
FORWARDING TO ANOTHER ADDRESSEE, PLEASE
RETURN THE ENCLOSURE TO THE ABOVE ADDRESS.

Clerk of Court ED Pa
601 Market Street
Rm 2609
Philadelphia, PA 19106

LEGAL
Mail