## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. 24-264 |
| | : | |
| KEITH THOMAS DOUGHERTY | : | |

---

**McHUGH, J.**                                                                                            **March 20, 2025**

## MEMORANDUM

### I.        Relevant Procedural Background

On July 18, 2024, Defendant Keith Dougherty was indicted by a grand jury and charged with one count of 18 U.S.C. § 115 (threatening a United States Judge) and three counts of 18 U.S.C. § 876(c) (mailing threatening communications). ECF 1. Dougherty was arrested by deputy U.S. Marshals on July 22, 2024. The Indictment was unsealed that day. ECF 4. Dougherty had an initial appearance before United States Magistrate Judge Pamela A. Carlos on July 24, 2024.

Under the Speedy Trial Act ("STA"), trial was to commence within 70 days from Dougherty's appearance before Judge Carlos – here, October 2, 2024. 18 U.S.C. § 3161(c)(1).

At the July 24 hearing, Mr. Dougherty announced his intention to represent himself *pro se*. Judge Carlos conducted a *Peppers* colloquy to satisfy herself that Dougherty could proceed in that fashion and granted his request. She also appointed an attorney to act as standby counsel should the need arise. During the hearing, the government sought and received a continuance to file a motion for detention under 18 U.S.C. § 3142. Judge Carlos issued a written order summarizing her rulings. ECF 8.

The government filed its detention motion on July 24, 2024. Judge Carlos held a hearing on the motion on July 29. At the hearing, Judge Carlos ordered Dougherty detained and arraigned him. Judge Carlos again issued a written order summarizing her rulings. ECF 12.

1

On July 30, 2024, this Court scheduled Mr. Dougherty's trial for October 1, 2024, within the base period required under the STA. ECF 13. Following Dougherty's August 15 submission of his *pro se* "Motion to Extend Time for Pretrial Motions and Contemplated Pre-Trial Habeas Corpus 28:2241(a) Clause 3(c)(3) Pursuant To Federal Rule Of Evidence 501" (ECF 15), this Court scheduled a status hearing for September 12, 2024. ECF 16.

During the September 12 hearing, Dougherty made an oral motion to continue the trial. I colloquied Mr. Dougherty and granted his motion. ECFs 19, 22. Specifically, I found that the case could not "proceed to trial because failure to grant a continuance would deny [Dougherty] reasonable time necessary for adequate and effective preparation, and would likely make an orderly and fair proceeding impossible or result in a miscarriage of justice" and that "the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial." ECF 22.

The trial was rescheduled for February 18, 2025, and a hearing was scheduled for February 5 to resolve pretrial motions.[1] *Id.* During the pre-trial hearing, Mr. Dougherty requested another continuance. On February 11, I granted Dougherty's continuance request, noting: "Mr. Dougherty represented that he had mailed a motion to the Court which in his view would result in dismissal of the charges and his release. Mr. Dougherty further represented that if the motion was not successful, he sought a continuance." ECF 36. In light of Mr. Dougherty's representation, I concluded that, "[b]ecause the motion ha[d] still not been received, which Mr. Dougherty describe[d] as comprehensive, the Court [would] not have adequate opportunity to consider Defendant's arguments in advance of trial, rendering a continuance necessary in the interest of justice." *Id.*

---

[1] This hearing was ultimately held on February 6, 2025. ECF 34.

Mr. Dougherty's trial is now scheduled for May 12, 2025.  ECF 38.

## II.    The Speedy Trial Act

Dougherty filed the present motion for a speedy trial dismissal on February 10, 2025.  ECF 37.  Under the STA, trial in this matter was to commence within 70 days of Mr. Dougherty's appearance before Magistrate Judge Carlos on July 24, 2024.  18 U.S.C. § 3161(c)(1).  The initial speedy trial deadline, therefore, was October 2, 2024.  The Third Circuit has explained, however, that the Speedy Trial Act "permits a district court to pause the speedy trial clock during any period of delay resulting from the granting of a continuance, but only if the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of a continuance outweigh the best interests of the public and the defendant in a speedy trial." *United States v. Adams*, 36 F.4th 137, 145 (3d Cir. 2022) (cleaned up).  The STA "was not intended to provide defendants with tactics for ensnaring the courts into situations where charges will have to be dismissed on technicalities." *United States v. Shulick*, 18 F.4th 91, 101 (3d Cir. 2021) (quoting *United States v. Cianciola*, 920 F.2d 1295, 1298 (6th Cir. 1990)).  For instance, a defendant cannot seek "dismissal of his indictment based on continuances that his own attorney sought." *United States v. Fields*, 39 F.3d 439, 443 (3d Cir. 1994).

Mr. Dougherty is himself responsible for the delays in this case.  This case has been continued twice, both times at Mr. Dougherty's behest.  On both occasions, I explicitly found that delay was necessary to afford Dougherty the time he said he needed to prepare for trial, and that a failure to grant Dougherty's request would likely result in a miscarriage of justice.  ECFs 22, 36.

Here, the speedy trial clock began on July 24, 2024, the date of Mr. Dougherty's initial appearance before Magistrate Judge Carlos.  18 U.S.C. § 3161(c)(1) ("In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the

3

commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.").

Nonetheless, several time periods subsequent to Dougherty's July 24 appearance before Judge Carlos must be excluded from the speedy trial calculation:

- The five-day period between July 24, 2024, when the government filed its detention motion, and July 29, 2024, when the hearing on the motion was held, is excluded under 18 U.S.C. § 3161(h)(1)(D).

- The 28-day period between August 15, 2024 when Mr. Dougherty filed his *pro se* "Motion to Extend Time for Pretrial Motions and Contemplated Pre-Trial Habeas Corpus 28:2241(a) Clause 3(c)(3) Pursuant To Federal Rule Of Evidence 501," and the status hearing on that motion on September 12, 2024, is excluded under 18 U.S.C. § 3161(h)(1)(D).

- The 159-day period between September 12, 2024, when Mr. Dougherty made his first request for a continuance of trial, and February 18, 2025, the trial date set pursuant to that request, is excluded under 18 U.S.C. § 3161(h)(7)(A).

- The 83-day period between February 6, 2025, when Mr. Dougherty moved for another continuance, and May 12, 2025, the current trial date, is excluded under 18 U.S.C. § 3161(h)(7)(A).

Only 17 days since the speedy trial clock began on July 24, 2024, count toward the speedy trial deadline:

- The 17-day period between the July 29, 2024 detention hearing and Mr. Dougherty's August 15, 2024 filing of his *pro se* "Motion to Extend Time for

Pretrial Motions and Contemplated Pre-Trial Habeas Corpus 28:2241(a) Clause 3(c)(3) Pursuant To Federal Rule Of Evidence 501." [2]

Accordingly, there has been no violation of the Speedy Trial Act's 70-day deadline.

### III.     Mr. Dougherty's prosecution is not barred by *Counterman.*

Mr. Dougherty also contends that the Supreme Court's decision in *Counterman v. Colorado* renders his prosecution unlawful. 600 U.S. 66 (2023). It does not.

In *Counterman*, the defendant sent hundreds of Facebook messages to C.W., a local musician whom the defendant had never met. C.W. never responded to defendant's messages and blocked him, but each time the defendant created a new account to continue contacting her. Some of the messages suggested that the defendant was surveilling C.W. ("was that you in the white Jeep?") while other messages "expressed anger" and "envisaged harm befalling her" ("You're not being good for human relations. Die."). *Id.* at 70. Defendant was ultimately convicted under a Colorado statute making it unlawful to "repeatedly ... make any form of communication with another person in a manner that would cause a reasonable person to suffer serious emotional distress and does cause that person ... to suffer serious emotional distress." Colo. Rev. Stat. § 18–3–602(1)(c) (2022) (cleaned up).

At trial, the jury was charged that the prosecution need only prove that a reasonable person would consider the messages threatening. *Counterman*, 600 U.S. at 71. The defendant appealed, arguing that under the First Amendment his communications did not constitute "true threats," and that he could not be guilty unless the prosecution proved a subjective intent to threaten. *Id.* When the case reached the United States Supreme Court, it held that proof of a defendant's subjective

---

[2] The government also counts the two-day period between Dougherty's July 22, 2024 arrest and the government's July 24, 2024 filing of its motion for detention. These two days do not count toward the deadline. 18 U.S.C. § 3161(c)(1). Indeed, the government, elsewhere in its brief, correctly notes that the clock began to run on July 24.

mindset is required for conviction in a true-threats case, but that the burden could be met by proof of recklessness, which "means that a speaker is aware that others could regard his statements as threatening violence and delivers them anyway." *Id.* at 79 (citations and quotations omitted).

*Counterman* does not bar Mr. Dougherty's prosecution, it merely clarifies the elements necessary for conviction. The jury will be charged accordingly.

## IV.    Mr. Dougherty's prosecution is not barred by double jeopardy.

During a hearing on September 12, 2024, Mr. Dougherty argued that these charges are barred by double jeopardy, in that he was held to be in violation of his supervised release following his prior federal conviction and received a sentence of incarceration for that violation. This argument lacks merit, as criminal conduct by itself constitutes a basis for finding a violation of supervised release even as it may simultaneously give rise to new and separate criminal charges. *United States v. Edwards*, 834 F.3d 180, 195-96 (2d Cir. 2016).

## V.    The other arguments advanced by Mr. Dougherty lack merit.

During the hearing on September 12, 2024, and interspersed within his written submissions,   Mr. Dougherty had advanced a variety of other arguments, none of which are persuasive. Mr. Dougherty contends that as the leader of a militia he has certain common law rights that predate and are preserved by the Constitution, and that such rights allow him to confront, by violent means if necessary, various public officials. There is no support for this position either in law or American history. Mr. Dougherty has claimed qualified immunity, a doctrine that clearly has no applicability to someone who is neither a public official nor a private individual hired by the government to perform a state function. *Filarsky v. Delia*, 566 U.S. 377, 389 (2012).   And here it must be observed that his professed status as the leader of a militia does not confer any official status. Mr. Dougherty refers to the prosecution's obligations under *Brady v. Maryland*,

6

but the federal defender appointed as standby counsel has confirmed that the government has provided discovery in this case.  Mr. Dougherty asserts various procedural defects, including the government's reference to his prior record of convictions, but these objections have no legal merit. He continues to seek a stay of this proceeding and denies that this court has jurisdiction because of a petition for habeas corpus he has filed, but that petition has been dismissed, as any issues regarding his continued detention must be addressed within the confines of this criminal case.

Mr. Dougherty's submissions to the court are lengthy and reflect that he has done substantial legal research, but he cites language without a clear understanding of the underlying legal concepts and weaves together provisions from unrelated statutes and rules, at times inappropriately combining state and federal law. It appears that he advances his positions  with utmost sincerity, but earnestness does not substitute for merit. Having closely considered his arguments, including his most recent filing of a reply brief, ECF 46, I can discern no legal validity in the propositions  that he advances.

## VI.    Conclusion

For the reasons set forth above, Mr. Dougherty's motion to dismiss the indictment on speedy trial grounds is denied, together with his other motions to dismiss advanced orally or in written submissions to the Court.  An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge